UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

_____x

GARY PISCOPO,

    Plaintiff,

VS.

PORT AUTHORITY TRANS-HUDSON CORPORATION,

    Defendant.
_____x

14 CV 7939

CIVIL ACTION

NO. 1:14-cv-07939-VM [ECF Case]

JUDGE MARRERO

RECEIVED OCT 01 2014 U.S.D.C. S.D.N.Y.

**COMPLAINT**

**NATURE OF ACTION**

1.    The plaintiff brings this action against the defendant for injuries suffered by him while in the employ of the defendant Railroad.

**JURISDICTION**

2.    This Court has subject matter jurisdiction in this case pursuant to the Federal Employers' Liability Act, 45 U.S.C. § 51. Venue properly lies in this Court pursuant to 45 U.S.C. § 56.

**PARTIES**

3.    The plaintiff is of Avenel, New Jersey.

4.     The defendant, Port Authority Trans-Hudson Corporation is a railroad corporation duly established by law, and having a usual place of business in New York, New York.

## FACTS

5.     During all times herein mentioned, the defendant was a common carrier engaged in the business of interstate commerce, and as such, operated a railroad in such business between New York and New Jersey.

6.     At the time the plaintiff received the injuries complained of, he was employed by the defendant Railroad as an Operations Examiner.

7.     At the time the plaintiff received the injuries complained of, the defendant Railroad was engaged in interstate commerce and the plaintiff was employed in furtherance of said commerce.

8.     On or about October 28, 2011, the plaintiff was engaged in his duties as an Operations Examiner on PA-5 Class passenger train car #5774 in the defendant's Harrison Yard, which yard, tracks, passenger cars, and all other equipment and appliances appurtenant thereto were owned and/or operated and/or controlled and/or maintained by the defendant.

9. On or about October 28, 2011, the plaintiff was performing his assigned duties instructing a student engineer in the operating cab of PA-5 Class rail car #5774 in Harrison Yard.  Due to the failure of the defendant to properly maintain and secure the cab door, when the student applied the brakes, instead of stopping at the door catches the heavy metal door swung past the door latches and into the cab, striking the plaintiff in the head, causing a concussion that disabled him from work for over two months.

Prior to October 28, 2011, the defendant was aware of the need to properly maintain and secure those doors and their latches due to the occurrence of earlier injuries resulting from the malfunctioning door latches and unsecured condition of the PA-5 Class rail car doors.

## AS AND FOR A FIRST CAUSE OF ACTION

10. The plaintiff adopts by reference and realleges each and every allegation set forth in paragraphs 1 through 9 of this Complaint with the same force and effect as if set forth under this cause of action.

11. The defendant Railroad, its agents, servants, and employees were negligent in one or more of the following ways:

a. failing to provide secure cab doors in its PA-5 Class rail cars, including Car #5774;

b. failing to install magnets to secure the cab doors of its PA-5 Class rail cars, including Car #5774;

c. failing to correct the malfunctioning latching mechanisms on its PA-5 Class rail cars, including Car #5774;

d. failing to keep Car #5774 out of service until its cab door and cab door latches could be properly maintained and secured;

e. and failing to act in a reasonably prudent manner under the facts and circumstances surrounding the accident.

11. As a result of the negligence of the defendant Railroad, its agents, servants, or employees the plaintiff was injured.

3

12. As a result of the failure of the defendant Railroad, its agents, servants, or employees to use reasonable care to provide the plaintiff with a safe place in which to work, including but not limited to furnishing him with safe and suitable tools, appliances, equipment, premises, or procedures, the plaintiff was injured.

13. As a result of the said injuries, the plaintiff has suffered lost wages, medical expenses, pain and suffering, and mental anguish.

**WHEREFORE**, in order to fairly and justly compensate the negligently injured plaintiff and thereby promote safe operating conditions on the defendant Railroad, the plaintiff demands a judgment for damages against the defendant Railroad in addition to any further relief the Court deems just and equitable.

### PLAINTIFF DEMANDS TRIAL BY JURY

By his attorney,

By: _____
Charles C. Goetsch [CG9082]
Charles Goetsch Law Offices LLC
405 Orange St.
New Haven, CT 06511
203-672-1370 office
203-776-3965 fax
charlie@gowhistleblower.com